UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No.    2:13 CR 136-JVB-PRC |
| | ) | |
| JAMES GERODEMOS | ) | |

### Government's Sentencing Memorandum

Comes now the United States of America through David Capp, United States Attorney, and Assistant United States Attorney Thomas McGrath and makes the following arguments concerning the defendant's sentence.

## I.      Guideline calculation

The defendant's base offense level is 12 pursuant to USSG §2K1.3.  The defendant qualifies for a 5 point enhancement under USSG §2K1.3(b)(1)(E) because the offense involved 1,000 pounds or more of explosive materials.  After a 3-level reduction for acceptance of responsibility under USSG §3E1.1, the defendant's total offense level is 14. Defendant's criminal history category of one, as properly calculated within the PSR, makes his guideline range for imprisonment 15-21 months.

## II.      PSR objections

**Government Objections.**

The Government has filed no objections to the PSR Report.

**Defendant Objections.**

The Defendant has requested clarifications to the report concerning the classification of explosives as illegal or commercial explosives.  The Government's response, incorporated into the PSR, is that the offense involved both commercial and illegal fireworks.

**III.     Section 3553(a) Analysis**

Title 18, United States Code, Section 3553(a) sets forth a number of factors, including but not limited to, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; and the need for the sentence imposed to afford adequate deterrence and protect the public. Section 3553(a) calls for the same sentence as the guideline calculation.  That is not surprising given the "nature of the Guidelines-writing task that Congress set for the Commission and the manner in which the Commission carried out that task.  In instructing both the *sentencing judge* and the *Commission* what to do, Congress referred to the basic sentencing objectives that the statute sets forth in Supp. IV)." *Rita v. United States*, 127 S.Ct. 2456, 2462, 2463.

**NATURE AND CIRCUMSTANCE OF THE OFFENSE**

The nature and circumstances of the offense warrant a guideline sentence.  James Gerodemos possessed—and intended to sell—over 16,000 lbs. of explosives made up of both commercial display fireworks and illegal fireworks.  By his own admission, he has been participating in a market for commercial fireworks for four years.

While the crime Defendant is guilty of is categorized as selling a product without a license, this does not adequately describe the potential harm that could arise out of Defendant's actions.  First and foremost, it should be noted that the product being sold in this case is highly volatile and is regulated heavily specifically because of the dangers that can be caused by its improper storage or use.  As shown in photos attached as Exhibit 1, the vast majority of the material seized from Defendant has warnings on the containers stating that these are "Dangerous

Explosives", that "if found you should contact your local fire or sheriff department" that these explosives are for "licensed Display Operators only" and that improper usage could result in "serious or fatal injury."

Despite these warnings, the Defendant, who is himself unqualified to handle these dangerous and volatile explosives, spent four years selling large quantities of the explosive material to unqualified members of the general public—all in the pursuit of illegal profit.   The dangers of such an illegal operation are clear.  First, there is a danger to each and every person who purchases the product because virtually no one buying these explosives illegally will be a licensed display operator.  One need look no further than the fact that this case began with a man severely injuring himself by setting off a commercial explosive to see the potential dangers involved in peddling in explosives.  According to the Consumer Product Safety Commission, in 2013 there were 11,400 consumers who sustained injuries related to fireworks (consumer and display fireworks) and there were eight deaths that were directly related to a victim manipulating a banned, professional or home-manufactured device.  See http://www.cpsc.gov/Newsroom/News-Releases/2014/CPSC-Reports-Increase-in-Fireworks-Related-Deaths-and-Injuries-in-20131/.  The dangers posed by Defendants actions are real.  If not for illegal fireworks stores such as Defendant's… these injuries would be wholly avoided or at least limited to smaller injuries caused by consumer fireworks.

Second, the majority of the fireworks seized by the ATF had been stored within a metal container outside of Defendant's consumer fireworks store.  See photos at Exhibit 2. Without proper training on how the fireworks should properly be stored, the Defendant risked the possibility that there could be an explosion that could harm anyone within the general area including himself, his employees, his customers, and bystanders.  Defendant knowingly took on

3

this potential disastrous risk in pursuit of an illegal profit.

Finally, the nature and circumstances of the offense warrant a guideline sentence because Defendant further risked the possibility that people with ill intent could purchase these volatile fireworks and convert them into improvised explosive devices.   As recent headlines can attest, this is not a hypothetical possibility, it is a real concern.  See http://www.katu.com/news/local/Man-hurt-in-explosion-Eugene-police-find-illegal-fireworks-in-apartment-273189721.html; http://www.nbcdfw.com/news/local/Arlington-Police-Investigate-Garage-Explosion-273157241.html; http://archive.9news.com/news/article/337043/188/Homemade-bomb-found-near-Colorado-Springs-park?fb_locale=en_GB;   Illegal fireworks stores such as Defendants' not only could provide someone with the materials to create an improvised explosive, but these stores can shield dangerous individuals who can anonymously purchase large amounts of explosives and the ATF and investigative agencies would have no way to track the explosives back to their source.

For four years, Defendant ignored the risk that his scheme to profit from the sale of illegal fireworks could result in disaster.  This deliberately reckless action justifies a guideline sentence.

**HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

The Government agrees with Defendant's sentencing memorandum that there are aspects of Defendant's history and characteristics that should be considered mitigating factors. Defendant's lack of other criminal history and his family situation are the motivation behind the Government's recommendation for a low-end guideline sentence despite the fact that this case involved an extremely large amount of explosive material and the plea agreement only binds the Government to recommend a sentence within the guideline range—not one at the low end.

However, Defendant's lack of criminal history and compelling family issues do not change the fact that the Defendant has been running what is essentially an illegal black market for explosives for four years.  At any time during those four years he could have stopped of his own volition and yet he chose—day after day—to continue in his illegal behavior until the day that he was caught.  This was not an isolated decision made in the heat of the moment out of desperation.  This is also not a Defendant who lacks resources to handle his issues without turning to illegal activity.  Defendant is guilty of a deliberate, prolonged, and continuing violation of federal law that placed many people in potential danger for sheer profit and had the ATF not stopped him, he would more than likely be continuing his illegal enterprise today.  Therefore, the Government believes a sentence below the guideline range is inappropriate.

**SERIOUSNESS OF THE OFFENSE**

The seriousness of this crime warrants a guideline sentence.  The Seventh Circuit in *U.S. v. Shearer*,[1] recognized the dangers of illegally selling commercial or display fireworks stating "display fireworks are so dangerous that if there is an accident in which they are involved, 'emergency personnel must evacuate all persons within a half mile radius of the site'" 479 F.3d 478 (7th Cir. 2007) (upholding a sentence of 70 month's imprisonment for, among related crimes, seeking to sell over 11,000 pounds of explosive material without a license).

As mentioned above, the present investigation began after a man was severely injured through untrained use of a commercial firework.   The injuries and deaths that can occur through the inexperience of the users, the degradation of the explosive material through improper storage, and or defects in the equipment sold could not occur if not for black markets like the Defendant's illegal fireworks business. Furthermore, as noted above, the seriousness of the crime is further

aggravated by the knowledge that these black markets could make it easier for someone with a desire to cause mass harm to acquire the tools they need to carry out plans to create improvised explosive devices.

**PROMOTE RESPECT FOR THE LAW**

A guideline sentence would promote respect for the law.  Each and every sale of illegal explosives made by the Defendant over a four year period was a violation of federal law.  Each and every customer Defendant sold to, wittingly or unwittingly, participated in breaking federal law by purchasing these illegal fireworks.  Defendant's personal disdain for the law and law enforcement was never more clear than in his sale to an undercover officer which began with Defendant asking the undercover officer if he was a police officer.  Defendant's actions in selling dangerous and illegal fireworks over a period of four years shows a deep disrespect for the laws created to keep the public safe.  Therefore a guideline sentence is appropriate.

**AFFORD ADEQUATE DETERRENCE**

A guideline sentence and a substantial fine are necessary to provide adequate deterrence to both this specific defendant and the public.  Defendant operated his illegal business for at least four years and profited from that business for three of those years.  These profits are illegal gains that cannot be fully determined due to the illicit nature of his business.  A sentence below the guideline range and/or a nominal fine, as Defendant suggests is appropriate, would provide a perverse incentive to Defendant and others similarly situated to continue their illicit activities.  In other words, if there is not an actual consequence, the profit to be gained by selling these illegal explosives would be worth the slap on the wrist would-be offenders may obtain if they are caught.  The Government submits that if the Defendant's recommendation of no jail time and a

---

[1] *US v. Shearer* originated out of a case from within this district in 2002.

nominal or non-existent fine were to be given in this extreme case, where a Defendant had on hand 16,000 pounds of display fireworks for sale, sold an unknown amount of display fireworks over four years, and only stopped because he was caught red handed, then this law becomes essentially meaningless.  Therefore, the Government believes that for purposes of an effective deterrent, to this Defendant and others, this Court should impose a guideline sentence of imprisonment and a significant fine.

Wherefore, because the Government believes that a guideline sentence of 15 months imprisonment and a fine at the high end of the guideline range is the smallest possible sentence necessary to meet 3553(a) sentencing requirements, the Government recommends that this Court impose such a sentence.

Respectfully submitted,

DAVID CAPP
UNITED STATES ATTORNEY


By:     /s/ Thomas M. McGrath
Thomas M. McGrath
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Counsel for the Defendant: Paul Stracci

    /s/ Thomas M. McGrath
Thomas M. McGrath
Assistant United States Attorney
U.S. Attorney's Office
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
(219) 937-5500